USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2023

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 17 d/b/a ABBOOKS.SHOP, ALIBOOKSTORE.ONLINE, BOAKLUX.COM, BOOKSTORECLERK.COM, BOOKSVAULT.COM, GRAMCIES.COM, MANJAZZ.MYSHOPIFY.COM, MESSIAHBOOK.COM, MIRRORTYR.COM, OHMYAYAM.MYBIGCOMMERCE.COM, PBOOKSTORE.COM, PDFTEXTBOOKS.NET, SEMENAWIT.MYBIGCOMMERCE.COM, TESTSBOOKS.COM, TOPFIBO.COM, TRAKINISA.COM, and WAVETAGS.COM, <br><br> Defendants. | Civil Action No. 23-cv-07193-VM <br><br> **PRELIMINARY INJUNCTION** |

Plaintiffs Cengage Learning, Inc., McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., and Pearson Education, Inc. (collectively, the "Publishers"), and Macmillan Holdings, LLC and Elsevier B.V. (collectively, with the Publishers, "Plaintiffs") have moved for a Preliminary Injunction against Defendants Defendants Doe 1 d/b/a abbooks.shop and Associated Sites (as defined and specified below), Doe 2 d/b/a alibookstore.online and Associated Sites (as defined and specified below), Doe 3 d/b/a boaklux.com and Associated Sites (as defined and specified below), Doe 4 d/b/a bookstoreclerk.com, Doe 5 d/b/a booksvault.com, Doe 6 d/b/a gramcies.com, Doe 7 d/b/a

manjazz.myshopify.com and Associated Sites (as defined and specified below), Doe 8 d/b/a messiahbook.com, Doe 9 d/b/a mirrortyr.com, Doe 10 d/b/a ohmyayam.mybigcommerce.com and Associated Sites (as defined and specified below), Doe 11 d/b/a pbookstore.com, Doe 12 d/b/a pdftextbooks.net, Doe 13 d/b/a semenawit.mybigcommerce.com and Associated Sites (as defined and specified below), Doe 14 d/b/a testsbooks.com, Doe 15 d/b/a topfibo.com, Doe 16 d/b/a trakinisa.com, and Doe 17 d/b/a wavetags.com, and those additional, currently known websites owned and/or operated by Defendants identified on **Appendix A** hereto (collectively, as to the parties, "Defendants," and as to the websites, "Infringing Sites" or "Sites"), and under the currently known names, aliases, and email addresses identified on **Appendix A**.  Plaintiffs so move the Court on the basis that Defendants are reproducing, distributing, and selling unauthorized digital copies of the Publishers' copyrighted textbooks ("Infringing Works"), in which the Publishers own or exclusively control the federally registered copyrights.  Plaintiffs further so move the Court on the basis that, in connection with the advertising and sale of Infringing Works, certain Defendants are using in commerce unauthorized, identical (or substantially indistinguishable) copies of Cengage's, Elsevier B.V.'s, Elsevier Inc.'s, Macmillan Holdings', McGraw Hill's, and Pearson's (collectively, the "Trademark Plaintiffs") federally registered trademarks (the "Marks").

      The Court, having reviewed the Complaint, the Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Expedited Discovery Order, and Alternate Service Order (the "Application"), the declarations filed in support of the Application, the Declaration of Danae Tinelli filed in support of the Preliminary Injunction, and the entire record herein, makes the following findings of fact and conclusions of law:

      1.      Plaintiffs have served Defendants with the Complaint and the exhibits thereto, the

Court's August 16, 2023 *Ex Parte* Order ("the *Ex Parte* Order") granting the Application, and the other papers filed in this case, as set forth in the Declaration of Service of Process filed by Plaintiffs.

2. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants own, operate, and/or control highly interactive websites that are continuously accessible to and target, sell, and/or deliver goods to consumers in New York, have sold copies of the Publishers' textbooks to New York consumers, and/or have injured Plaintiffs in New York through the operation of the Infringing Sites.

3. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe the Publishers' copyrights in connection with Defendants' reproduction, distribution, and/or sale of Infringing Works, including via the Infringing Sites. Plaintiffs are also likely to succeed in showing that Defendants have infringed and are continuing to infringe the Marks in connection with Defendants' distribution, sale, and/or offering for sale of unauthorized copies of Infringing Works.

4. The reproduction, distribution, and sale of Infringing Works, and the infringing use of reproductions of the Marks in connection therewith, will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

5. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from infringing activities if a Preliminary Injunction is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with the Publishers' copyrights and the Trademark Plaintiffs' Marks if a Preliminary Injunction is not issued.

6. Public interest favors issuance of a Preliminary Injunction in order to protect Plaintiffs' interests in their intellectual property rights and to protect the public from the harm

caused by Defendants' activity at issue in this case.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 et al., and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, that:

1. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction, are enjoined from:

> a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Publishers ("Publishers' Copyrighted Works");
>
> b) Directly or indirectly infringing any trademark to which any of the Trademark Plaintiffs are the registrants under 15 U.S.C. § under 15 U.S.C. § 1127 ("Trademark Plaintiffs' Marks");
>
> c) Copying, reproducing, manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of the Publishers' Copyrighted Works without the Publishers' express written permission; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;
>
> d) Copying, reproducing, using in connection with manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, or promoting goods or services, or otherwise using in

commerce, the Trademark Plaintiffs' Marks without the Trademark Plaintiffs' express written permission; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;

e) Creating, operating, maintaining, or hosting the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or Trademark Plaintiffs' Marks;

f) Operating, maintaining, registering, providing, or using any computer server, domain name, domain name server, cloud storage service, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, or payment processing or other financial service to, for, or in connection with the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks; or providing other similar services to support the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks;

g) Transferring ownership or control of the websites, domain names, or accounts associated with the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks; and

h) Displaying in online search results, or providing links to, the Infringing Sites, other websites operated by Defendants that infringe the Publishers'

Copyrighted Works or the Trademark Plaintiffs' Marks, or infringing products offered on such websites.

2. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction, and service providers to Defendants or other non-parties who receive actual notice of this Preliminary Injunction and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of the Publishers' Copyrighted Works ("Defendants' Accounts"), must immediately locate all of Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include, but are not limited to: (i) Defendants' Accounts with providers of payment processing services ("Payment Processors"), such as PayPal and Stripe; and (ii) Defendants' Accounts with banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, cryptocurrency exchanges, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), including but not limited to those accounts listed on **Appendix B** hereto.

IT IS FURTHER ORDERED that Defendants shall preserve copies of all computer files relating to any of the Infringing Sites or Defendants' sale of the Publishers' Copyrighted Works or use of the Trademark Plaintiffs' Marks and shall take all steps necessary to retrieve such computer files that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that the Expedited Discovery Order and the Order

Authorizing Alternate Service contained in the *Ex Parte* Order shall remain in effect until further order of the Court.

      IT IS FURTHER ORDERED that this Preliminary Injunction shall no longer apply to any Defendant dismissed from this action.

It is SO ORDERED this 13th day of September, 2023, at 10:30 A.M.

 

_____
Victor Marrero
UNITED STATES DISTRICT JUDGE